60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 CONSOLIDATED COAL COMPANY, Petitioner,
v.
Joseph J. LUDWIG, Deceased, and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents,
 No. 94-3672.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1995.
 
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, Consolidated Coal Company, appeals the decision of the Benefits Review Board, which reversed the administrative law judge's denial of black lung benefits. For the reasons stated below, we affirm the final order of the Benefits Review Board.
 
 
 2
 The claimant, Joseph Ludwig, now deceased, was an underground miner for 45 years until his retirement in 1979. He first filed for black lung benefits in 1973. After 14 years of administrative litigation not relevant to the issue on appeal, an administrative law judge issued the first decision on the merits of the case in 1987, denying Ludwig's claim.
 
 
 3
 The judge pointed to the medical evidence in this case that included reports of three physician. In 1980, Dr. Kuziak examined the claimant at the Department of Labor's request and found congestive heart failure, unrelated to coal dust exposure. Dr. Kress, at Consolidated Coal's request, also examined the claimant in 1980. He found evidence of simple pneumoconiosis, cardiovascular disease, bronchitis, and arthritis. Dr. Kress, however, found "no demonstrable evidence of respiratory or pulmonary impairment that can be attributed to pneumoconiosis." He added that the claimant did not have "a significant impairment of lung function at all in view of his normal ventilary studies and very excellent response to exercise indicating that from a pulmonary standpoint he has the capacity for any work load level that he would wish to undertake." However, Dr. Kress found Ludwig to be disabled "not due to respiratory disease but to his arthritis of the knees and also to his rather significant arteriosclerotic hypertensive cardiovascular disease". He nevertheless suggested that the claimant avoid further dust exposure. Finally, Dr. Tipton diagnosed disabling simple pneumoconiosis; however, he did not mention cardiovascular disease.
 
 
 4
 The administrative law judge in 1987 found that x-ray evidence of the claimant's pneumoconiosis was sufficient to establish a presumption of total disability due to pneumoconiosis, according to the regulations governing black lung cases, 20 C.F.R. Sec. 727.203(a). However, he found that Consolidated Coal had rebutted the presumption by showing that Ludwig did not have a pulmonary impairment preventing him from performing his usual mining work, under 20 C.F.R. Sec. 727.203(b)(2). The Benefits Review Board disagreed and found that Consolidated Coal had failed, as required, affirmatively to show that Ludwig could perform his work. The Board nevertheless remanded for a determination of whether Consolidated Coal could rebut the presumption in another way under the regulations, by showing that Ludwig's disability did not arise, in whole or in part, from coal mining employment, under 20 C.F.R. Sec. 727.203(b)(3).
 
 
 5
 On remand, the administrative law judge again denied benefits. After reviewing the reports of the three doctors who examined Ludwig, the judge determined that the reports of Drs. Kress and Kuziak outweighed Dr. Tipton's findings attributing Ludwig's disability to pneumoconiosis. The administrative law judge found that Dr. Kress's testimony "establishes that Claimant's disability is not in any part due to pneumoconiosis". He therefore concluded that Consolidated Coal had rebutted the presumption of disability due to pneumoconiosis.
 
 
 6
 The Board reversed the administrative law judge's decision, finding that Dr. Kress's report "does not rule out pneumoconiosis as a cause of claimant's total disability". Therefore, it reversed and remanded for payment of benefits, over the dissent of one member of the Board. The Board subsequently denied Consolidated Coal's request for reconsideration, and Consolidated Coal has petitioned this court for review of the Board's final order.
 
 
 7
 As the parties acknowledge, the issue now before us involves rebuttal by the employer of the "interim presumption" of disability established by the claimant, under 20 C.F.R. Sec. 727.203(a). In this case, the only avenue of rebuttal available to Consolidated Coal was 20 C.F.R. Sec. 272.203(b)(3), which applies where "[t]he evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment."
 
 
 8
 In Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir. 1984), cert. denied, 471 U.S. 1116 (1985), the Sixth Circuit clarified the requirements for rebutting a presumption of disability under 20 C.F.R. Sec. 727.203(b)(3), referred to as "(b)(3) rebuttal." The administrative law judge in that case had found that the employer submitted insufficient evidence to rebut the presumption that at least part of the claimant's disability was caused by pneumoconiosis. The judge acknowledged the same Dr. Kress's diagnosis of heart disease contributing to the claimant's shortness of breath, but found that the evidence of pneumoconiosis and shortness of breath in a long-time miner suggested that the employer had not excluded the possibility that disability was caused in part by pneumoconiosis. The Board reversed, declaring that 20 C.F.R. Sec. 727.203(b)(3) should permit an employer to rebut the presumption of disability caused by pneumoconiosis if it showed that pneumoconiosis was not the only cause of disability. 748 F.2d at 1115. This court, however, reversed, the Board's ruling, holding that
 
 
 9
 [i]f an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.
 
 
 10
 Id. at 1120 (emphasis added). We concluded, as a result, that the administrative law judge had properly found sufficient evidence that the employer had not rebutted the presumption.
 
 
 11
 Again, in Warman v. Pittsburgh & Midway Coal Min. Co., 839 F.2d 257 (6th Cir. 1988), this court found that the administrative law judge and the Benefits Review Board had erred by concluding that an employer had rebutted the presumption of disability under Sec. 727.203(b)(3). One doctor had diagnosed the claimant with pneumoconiosis, psychoneurosis, and heart disease, but had insisted that pneumoconiosis was not causing functional pulmonary impairment. Nevertheless, this court cited Gibas for the proposition that
 
 
 12
 section 727.203(b)(3) has nothing to do with the degree of a miner's disability. On the contrary, it concerns the burden placed upon an employer in order to rebut the interim presumption of section 727.203(a). Specifically, section 727.203(b)(3) provides an employer the opportunity to rebut the presumption that a miner is "totally disabled" by "establish[ing] that the total disability did not arise in whole or in part out of coal mine employment."
 
 
 13
 Id. at 260 (citing Gibas, 748 F.2d at 1120). The court found that the employer had not provided substantial evidence that the claimant's disability did not arise at least in part from coal mining. Thus, the court reversed the Board's denial of benefits.
 
 
 14
 In the recent case of Youghiogheny & Ohio Coal Co. v. McAngues, 996 F.2d 130 (6th Cir. 1993), cert. denied, 114 S.Ct. 683 (1994), this court again discussed (b)(3) rebuttal. In McAngues, the claimant was involved in a totally disabling car accident, stopped work, and filed for black lung benefits two years later. One doctor reported that the claimant was totally disabled from pneumoconiosis. Another doctor, however, reported that the claimant was totally disabled from the accident alone and that, while pneumoconiosis was present, it was not impairing the claimant. Believing the first doctor's report that the pneumoconiosis was disabling, both the administrative law judge assigned to the case and the Benefits Review Board concluded that the employer had not rebutted the presumption of disability due to pneumoconiosis. The employer argued on appeal that it had rebutted the presumption because it had established that the claimant's total disability predated any pulmonary disability. This court, however, rejected that argument, concluding that
 
 
 15
 [i]f a claimant proves that he is totally disabled, and further, that the disability is at least partially the result of coal-related pneumoconiosis, then he is entitled to benefits under the Act. An employer cannot rebut the presumption of total disability by showing a second disability that is entirely independent of a claimant's disabling pneumoconiosis.
 
 
 16
 Id. at 135.
 
 
 17
 In evaluating the Board's decision in this case, we note first that our standard of review is limited. As we stated in McAngues, 996 F.2d at 135, "[t]his court reviews decisions below only to decide whether they are supported by substantial evidence and in accordance with the applicable law".
 
 
 18
 The facts of this case appear almost indistinguishable from Gibas, in which this court found that substantial evidence supported an administrative law judge's finding that pneumoconiosis, shortness of breath, and a history of mining outweighed Dr. Kress's diagnosis of disability solely due to heart disease. In Gibas we noted Dr. Kress's conclusion that disability "was not caused by pneumoconiosis," id. at 1120, and yet we nevertheless upheld the administrative law judge's conclusion that the employer failed to rebut the presumption that pneumoconiosis caused the claimant's disability and affirmed the award of benefits. We think the outcome in Gibas compels a similar result here.
 
 
 19
 Our opinion in Warman, 839 F.2d 257, adds even more weight to this conclusion. There, we held that the Board and the administrative law judge erred by accepting the same type of rebuttal evidence that Consolidated Coal presented in this case, i.e., medical evidence that the claimant had pneumoconiosis but suffered from no functional pulmonary disability. We nevertheless found the evidence insufficient to rebut the presumption of disability caused by pneumoconiosis. Id. at 260.
 
 
 20
 For these reasons, we conclude that Consolidated Coal has failed to rebut the presumption under 20 C.F.R. Sec. 727.203(b)(3), and we therefore AFFIRM the decision of the Benefits Review Board to award benefits in this case.
 
 
 
 *
 The Hon. Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation